No. 27,427.

CARL MALMQUIST et al., *Appellees,* v. M. DETAR, as Executor, etc.,
*Appellant.*

SYLLABUS BY THE COURT.

WILLS—*Construction—Violation of Rule Against Perpetuities.* The provisions
of a will considered, and held to be void as violative of the rule against
perpetuities.

Appeal from Edwards district court; ROSCOE H. WILSON, judge. Opinion
filed April 9, 1927. Affirmed.

*A. L. Moffat,* of Kinsley, for the appellant.
*F. L. Slaughter* and *John A. Etling,* both of Kinsley, for the appellees.

The opinion of the court was delivered by

MASON, J.: The action was one to contest provisions of a will as
violative of the rule against perpetuities. A demurrer to the petition
was overruled. Defendants stood on the demurrer. Judgment was
rendered holding the contested provisions to be void, and defendant
appeals.

The material portions of the will follow:

"I give and bequeath to the board of trustees or other managing body in
charge and control of the first public hospital which shall hereafter be estab-
lished in Kinsley, in Edwards county, Kansas, to be used to apply upon the
cost of construction of a suitable building for such hospital, the sum of ten
thousand dollars ($10,000), to be paid in cash. For the purpose of the inter-
pretation of this will, the term public hospital shall be taken to include any
such hospital as shall be owned and operated by a private corporation, indi-
vidual, or association of individuals, as well as any that shall be owned by the
county or city, so that same shall be operated upon a nonprofit basis, shall
admit for care and treatment any worthy sick person without regard to his
race, color, financial condition, or religious belief, and shall be qualified and
eligible to receive aid, and to be partially or wholly supported either by the
state of Kansas, the county of Edwards, or the city of Kinsley, under the law
as it stands at the date of the execution of this will.

"In the event that no such hospital shall have been established in Kinsley
at the date of my death, then it is my will and I direct that said sum shall be
taken and held by my executor and his successors, in trust, to be invested in
the registered bonds of the United States, or in other bonds of like safety and
stability, and whenever such an hospital shall be established in said county and
city, then said executor or his successors shall pay over said sum or assign and
deliver said bonds in which the same shall have been invested, together with

Perpetuities, 30 Cyc. pp. 1483 n. 89, 1484 n. 94, 1497 n. 61.

the accumulated income therefrom, less the reasonable expense of administration, to the board of trustees or other managing body in charge and control of such hospital, for the uses and purposes hereinabove mentioned."

At the date of the testator's death no hospital had been established in Kinsley, and no facts were known from which it could be predicted that a hospital might be established in Kinsley at any future time. The gift was one for a charitable purpose, but not to the executor of the will. Neither he nor his successors in trust may establish a hospital. They are merely managing trustees, to invest the fund and keep it intact until a donee with capacity to take comes into existence. The court has no power to appoint a trustee who may devote the fund to the designated purpose, because of the form of the gift. Some one, a private corporation or other business association, an individual, or the county or city, must establish a hospital. The fund shall then be paid over to the board of trustees, or other managing body in control of the hospital, to aid in its construction. While the court can keep in existence a trustee who shall perform the functions of the executor and his successors, it can empower no one to establish a hospital in the construction of which the fund may be used.

The result of the foregoing is, vesting of the fund in a donee depends on a future contingent event which may never happen. The rule against perpetuities has to do with the beginning of estates, and its object is to restrain the creation of future conditional interests. (Gray, The Rule Against Perpetuities, 3d ed., § 595.) A gift to charity on a contingent event which is a condition precedent to vesting, is void if the condition be too remote (id. § 605), and it is not enough that the interest may, or in all probability will, vest within twenty-one plus years after a life or lives in being; it must necessarily so vest. (*Klingman v. Gilbert*, 90 Kan. 545, 548, 135 Pac. 682.)

The judgment of the district court is affirmed.