No. 34,758

THE FIRST NATIONAL BANK OF KANSAS CITY, *Plaintiff*, v. FRANK R. GRAY, Judge of the Probate Court of Douglas County, and DICK WILLIAMS, HUGH MEANS and RAYMOND F. RICE, as Executors under the Last Will and Testament of Elizabeth M. Watkins, Deceased, *Defendants*.

(99 P. 2d 771)

Opinion filed March 9, 1940.

*Roy B. Thomson* and *Dick H. Woods,* both of Kansas City, Mo., for the plaintiff; *I. P. Ryland, Paul R. Stinson* and *Arthur Mag,* all of Kansas City, Mo., of counsel.

*Raymond F. Rice,* of Lawrence, for defendants Dick Williams, Hugh Means and Raymond F. Rice.

*Frank R. Gray,* of Lawrence, *pro se.*

*Edwin S. McAnany, Thomas M. Van Cleave,* both of Kansas City, *Clayton E. Kline, M. F. Cosgrove, Balfour S. Jeffrey, Robert E. Russell,* all of Topeka, *Justin D. Bowersock, Robert B. Fizzell* and *John F. Rhodes,* all of Kansas City, Mo., as *amici curiae.*

The opinion of the court was delivered by

Hoch, J.: The plaintiff, a national bank in Kansas City, Mo., seeks here by original proceedings in mandamus, determination of its right to qualify and act as a testamentary trustee of certain funds. Respondents are the probate judge of Douglas county and the executors named in the last will and testament of Elizabeth M. Watkins, deceased. The action is friendly in character and the relief sought is in the nature of a declaratory judgment. The principal question presented is whether the plaintiff is barred from acting as trustee in this state by the provisions of section 131, article 17 of the new probate code (Laws of 1939, ch. 180), which prevents corporations not organized and having their principal place of business in this state from being appointed or acting as a fiduciary in this state except in ancillary proceedings.

Elizabeth M. Watkins, long a citizen and resident of Lawrence, Douglas county, Kansas, died testate on June 1, 1939. Her last will and testament was duly probated on June 5, 1939, and on that date respondents, Dick Williams, Hugh Means and Raymond F. Rice, were duly qualified as executors and letters testamentary were issued to them. Under the terms of the will certain money or its equivalent in securities was bequeathed to the plaintiff, the First National Bank of Kansas City, Mo., as trustee of various trusts established by the will. On June 28, 1939, the plaintiff filed in the probate court its written acceptance of the trust. Plaintiff alleges that at the time of her death Mrs. Watkins had on deposit in its commercial department about $18,000 and that on June 28, 1939, it transferred this deposit to its trust department and allocated it in proper proportion to the various trusts created by the will and thereupon invested the funds so transferred in accordance with the provisions of the will. The probate court having refused to rec-

ognize the plaintiff as trustee and the executors having refused to distribute funds to it as provided in the will, this proceeding was brought, and an alternative writ of mandamus issued on January 2, 1940, directing the probate court to recognize the plaintiff as trustee and the executors to make distribution in due course or to appear and show cause why that should not be done. Separate returns and answers were made by the judge of the probate court and by the executors. Demurrer to the returns of respondents and a motion for peremptory writ were filed by the plaintiff. Respondents agree that a proceeding in mandamus, with prayer for a declaratory judgment constitutes a proper remedy. The procedure is well supported by decisions of this court. (G. S. 1935, 60-3127; *Kern v. Newton City Commissioners,* 147 Kan. 471, 77 P. 2d 954; *State, ex rel., v. State Highway Comm.,* 132 Kan. 327, 295 Pac. 986; *Public Service Commission v. Kansas Gas and Electric Co.,* 121 Kan. 14, 246 Pac. 178.)

Three sections of the new probate code are involved, primarily, in the present issue. The pertinent provisions are as follows:

"SEC. 131. (Article 17) *Corporate fiduciaries.* No bank or other corporation, unless it is organized under the laws of and has its principal place of business in this state, or is a national bank located in this state, shall be appointed or authorized directly or indirectly to act as a fiduciary in this state, except in ancillary proceedings. . . ."

"SEC. 281. (Article 26) *Effective date.* The rules of procedure herein prescribed shall govern all probate proceedings brought after they take effect and also all further procedure in probate proceedings then pending, except to the extent that in the opinion of the court their application in a particular proceeding when they take effect would not be feasible or would work injustice, in which event the former procedure applies. This act shall take effect and be in force on and after July 1, 1939, and after its publication in the statute book."

"SEC. 130. (Article 16) This article shall apply only to trusts the administration of which shall begin after the effective date of this act."

By section 281 the effective date of the act was fixed to be "on and after July 1, 1939, and after its publication in the statute book." The statute book having been published on June 30, 1939, the entire act thus took effect on July 1, 1939.

It is conceded that prior to July 1, 1939, there was no statutory provision which would bar the plaintiff, a foreign corporation, from serving as a fiduciary in this state. The question is whether it is now barred by the provisions of section 131, *supra.* We do not find the question troublesome. Section 131, along with other provisions

of the act, went into effect on July 1, 1939. As heretofore noted, Mrs. Watkins died on June 1, a month prior thereto. By her will she named or appointed the plaintiff as trustee of certain trusts. The will was duly probated on June 5, 1939. Written acceptance of the trust was filed on June 28, 1939. Under such a state of facts certainly the plaintiff was "appointed" as trustee prior to July 1, 1939, when there existed no statutory bar to its serving as trustee. In order to hold that section 131 bars the plaintiff from now serving we would have to say that it is barred by the provision which reads: "or authorized . . . to act as a fiduciary in this state." Does the word "authorized" refer to a definite act of authorization, equivalent to an "appointment," or does it signify a continuing authority? Clearly, it seems to us, it must mean the former. Otherwise, no foreign corporation, no matter when appointed, would be "authorized to act" as a fiduciary in this state after July 1, 1939. The result of such a construction would be that foreign corporations which had long been serving as trustees in this state, in pending probate proceedings, would become automatically disqualified from so acting on July 1, 1939. We find nothing to indicate a legislative intent so to disrupt trust estates in the process of administration. Moreover, if any ambiguity on this point existed in the statute—and we discern none—the interpretation above stated would be fortified by the general and well-established rule of construction that statutes will not be given retroactive effect in the absence of clear indication of legislative intent to the contrary. (17 R. C. L. Limitations of Actions, 682-684, §§ 28, 29; 59 C. J. 1159-1169; also see *International Mortgage Trust Co. v. Henry,* 139 Kan. 154, 30 P. 2d 311, and other cases therein cited on p. 165.)

As additional support of its contention that it is not barred by the provisions of section 131, the plaintiff stresses the fact that on June 28, 1939, it voluntarily transferred to its trust department a deposit which Mrs. Watkins had in its commercial department and on the same day made what it considered proportionate distribution thereof to the various trusts created by the will. It argues that this transfer of the deposit prior to July 1, 1939, has significance in determining that the bar of the section is here inapplicable. We give no weight to that contention. In fact, while no issue is here presented on the question, we find nothing in the record to indicate by what authority such a transfer was made by the plaintiff. It was not made upon any order of the probate court where the will was filed, nor at the

direction or suggestion of the executors of the will which created the trust. Assuming for present purposes only that a Missouri court might have authority to assume administration of the deposit, it still does not appear that any such administration has been had in Missouri or that the transfer was made in pursuance of any judicial order in that state. Nor is the mere fact that no one's rights may have been prejudiced by such undirected transfer of the deposit material to the present issue. The most that could be claimed for the book transfer of the deposit as bearing on the question here is that it was a gesture indicating the plaintiff's willingness to accept the trust. But it can have no particular significance even for that purpose, since no one disputes the plaintiff's willingness to accept. Certainly it can add nothing to the written acceptance filed on June 28 by the plaintiff.

We return to a brief consideration of section 281. In addition to its declaration that the act shall take effect on July 1, 1939, the section contains a provision with reference to the applicability of rules of procedure. We find no difficulty in determining the purpose of the provision. It was clearly the intention that the new rules of procedure should apply not only to the administration of estates to which the substantive provisions became applicable after July 1, but should also apply to further procedure in proceedings pending on July 1, except to the extent that their application in a particular proceeding would not—in the opinion of the court—be feasible or would work injustice. In other words, although some substantive provisions of the new code—such as that contained in section 131—would not apply to proceedings pending on July 1, the new rules of procedure would apply to them unless the court determined, for the reasons stated, that the old rules should continue to apply in a particular pending proceeding. (*Siefkin v. Seifkin,* 150 Kan. 396, 92 P. 2d 1005.) It follows accordingly that probate proceedings in the instant case having been begun prior to July 1, 1939, the rules of procedure prescribed by the new code are to be followed except to the extent that the court may determine that their application would not be feasible or would work injustice, in which event the former procedure would apply.

We consider now the question of whether administration of the trust by plaintiff had actually begun prior to July 1, 1939, within the meaning of section 130, *supra.* If such administration had not so begun then the provisions of article 16 of the new code must be

followed. Section 130, which is the last section of article 16, provides that the *article* shall apply only to trusts the administration of which shall begin after the effective date of the act. It is not necessary to recite in detail the provisions of article 16. It will suffice to say that it deals with "accounting of trustees," provides for filing of an inventory by the first testamentary trustee within thirty days after it becomes his duty to take possession of the trust property, provides for "intermediate accountings" to the probate court, for a "final accounting," for a "distribution accounting" within thirty days after distribution of the trust property, for inventories and accountings by nontestamentary trustees, and sets forth certain rights and duties devolving upon testators, settlors and beneficiaries. Its obvious purpose is to provide for thorough accounting and proper supervision of trusts being administered in probate courts. The intent of section 130 is equally obvious. It is that the new provisions should be observed in the case of all trusts the actual administration of which had not begun prior to July 1, 1939, but not to impose them upon trusts that were at that time being administered under the former law. Some, at least, of the provisions of article 16 might be regarded as "procedural." Insofar as they are procedural the provisions of section 281, *supra,* would have controlled, in the absence of the limitation provided in section 130, and article 16 would have applied to administrations of trusts begun before as well as after July 1 unless the court ordered otherwise in particular proceedings, as heretofore outlined.

With the clear intent of section 130 in mind, let us see whether the administration of the instant trust was begun before July 1. What had been done? The will which created the trusts and designated the trustee had been filed for probate, letters testamentary had been issued to the executors and the plaintiff had filed an acceptance of the trust. Nothing more. For reasons heretofore stated the voluntary and undirected transfer of the commercial deposit of the decedent by the plaintiff constitutes no act of administration. No funds had been distributed to the plaintiff by the executors nor had there been any order of the court relating in any way to the trusts or the trust funds. Indeed, neither under the old nor the new probate code (G. S. 1935, 22-921; sec. 114, Laws of 1939, ch. 180) could the executors be compelled to make distribution within one year from the date of their qualification except under the specific terms set out in the statutes. Moreover, the will did not bequeath

any specific personal property to the plaintiff, but only a specific amount "in cash and/or securities of equal value" for each of a number of the several trusts created. The plaintiff's appointment under the will not having been recognized by any order of the court, no funds having been distributed to it, no action of the court or of the executors relating to such distribution having been taken, and other facts· in the case being as heretofore stated, we have no hesitancy in saying that within the meaning of section 130 administration of the trusts had not begun prior to July 1, 1939, and that the provisions of article 16 will therefore be applicable to the instant trust. In addition to all this, counsel for the plaintiff stated in the oral argument to this court that it is only seeking to act as trustee, is in no way seeking to avoid the jurisdiction of the probate court of Douglas county, but on the contrary intends to appoint a resident agent, in conformity with section 136 of the new probate code, and fully and freely to submit to the statutory jurisdiction of that court. It is the judgment of the court that this should be done.

In view of the conclusions already stated, it is not necessary to determine whether the plaintiff acquired, under the statutes existing when the will was filed for probate, any "vested" right to qualify and serve as trustee which could not be taken from it. Able and learned briefs have been presented on the question, and it is with a near regret that we forego consideration of it.

A concluding word. A brief of *amici curiae* has been submitted on the question of whether section 131 of the new probate code prohibits a resident of this state from making a bequest of personal property to a nonresident corporate trustee to be administered in trust by such trustee at its domicile in another state. That question is not within the issues presented. The sole contention of the plaintiff is that section 131 is not applicable· to the instant case because the facts do not bring it within the bar of the act and that any attempt to make it applicable would be invalid as a retroactive application subversive of vested rights. Moreover, as already stated, plaintiff has indicated its intention to administer the trust in this state and not at its domicile in Missouri. We cannot now give consideration to questions relating to the construction and effect of the new probate code which are not a part of the issues before us.

It follows from the conclusions heretofore stated that a peremptory writ of mandamus should issue. It is so ordered.

THIELE, J., not participating.