No. 38,475

ANNA EATON, FRANK VEVERKA, LIZZIE BRAY, JOE VEVERKA, ELLA SMITH, MARY STICE, WILLIAM VEVERKA, MABLE McCAULEY, MORRIS VEVERKA, FREDA GEYER, CLARICE FRENCH, FLORENCE CANNING, GOLDIE LOWRY, VERA BRAY COMBS GOULDMAN, ROY LOWRY and CHARLES SMITH, *Appellees*, v. JOHN DOE, one of the poor of the City of Lhoczke; R. Q. SCOTT, Trustee under the provisions of Paragraph Five of the Last Will and Testament of George Veverka, deceased, et al., *Appellants*.

(243 P. 2d 236)

Opinion filed April 12, 1952.

*D. A. Hindman* and *Stanley Krysl*, both of Stockton, were on the briefs for the appellants.

*D. A. Hindman*, of Stockton, was on the briefs for the appellant, R. Q. Scott, Trustee.

*W. McCaslin*, of Stockton, was on the briefs for the appellees.

The opinion of the court was delivered by

HARVEY, C. J.: This was an action to quiet the title in plaintiffs in a described 1,520 acres of land in Rooks county. A trial by the court resulted in judgment for plaintiffs and the defendant, R. Q. Scott, trustee, alone appeals.

The case was submitted to the trial court upon an agreed statement of facts, which by reference embodied a proceeding in the probate court and the files of two former cases, Nos. 7317 and 7466, in the district court of Rooks county. The real property here involved formerly was owned by George Veverka, a resident of Rooks county, who, on August 7, 1933, being then in good health and of sound and disposing mind and memory, duly executed his last will and testament in which he *first* directed that all his just debts and funeral expenses be paid. *Second,* he gave to his wife, Francis Veverka, the sum of $4,000, "as was provided for in a prenuptial agreement existing between us." *Third,* with respect to all the residue of his property, real, personal and mixed of which he should die seized, he provided that his personal property should be converted into money, and after carrying out the previous provisions, that the remainder be invested in sound government securities; and further provided:

"I direct that the same personal property and the said land shall be held in trust for a period of twenty-five years after the date of my decease; during which time my real estate shall not be sold or encumbered in any way; and my personal property shall not be used except to pay taxes and other charges of my land and the expense of administration. It is understood that I wish my land held intact, as far as possible, during this twenty-five year period aforesaid, to be disposed of at the end of that time as hereinafter provided.

"*Fourth:* After my land has been cleared of mortgage, and my personal property invested as provided, I direct that any income therefrom be divided into equal shares, as follows: to John Veverka, Anna Eaton, Frank Veverka, Lizzie Bray, Bessie Bray, Joe Veverka, Ella Smith, Mary Stice and William Veverka, my living children, and one more share to the children then living of my deceased son, George Veverka, making ten shares in all. The children of George Veverka now living are: Mabel McCauley, Morris Veverka, Freeda Geyer, Claris French and Florence Canning. I direct this division of income to be made annually, after all taxes and upkeep of the land has been provided for. I direct that if any of my children shall die before my decease without living children or grandchildren that such share shall be divided among the remaining shares, but if any child has surviving child or grandchild that such shall receive the parents share; and the same rule as to the children of my deceased son shall prevail. I wish that in all matters in this Will that the share given each of my children shall go to him or her, if living, and if not then to his

children, who shall share and share alike, and if any of the grandchildren shall be deceased, but leave a child or children, that each child or children shall share the benefits given the deceased parent. I desire that no one not of my blood be entitled to benefit under this part of my Will.

"*Fifth:* In addition to the ordinary income, as above provided, I expressly authorize my executor to lease any or all of my land for oil or mineral development, at the usual terms existing in Rooks County for similar leases, and that the rentals shall be included in the incomes as above provided for; but that in the event that there shall be oil or mineral production on any of said land, during the twenty-five year period aforesaid, I direct that one-eleventh of the same shall be set aside and sent to the proper city officials of the town of my birth, namely—Lhoozke, in Wisavitz, in Morava (originally part of Austria-Hungary) there to be used for the care of the poor of said city, as may seem best. I expressly declare this to be one of my main wishes, and I authorize the executors of my will to see that this portion of any oil or mineral income from my land shall be used for the good of the poor of my birth city, even should it be impossible for the city itself to accept the gift or devise or to lawfully use it. The remaining ten-elevenths of such income from oil or mineral production I desire to go (annually) as above provided to my children and grandchildren.

"*Sixth:* At the end of twenty-five years I direct that all of my real estate and investments in said estate shall be sold, and the money divided in equal shares among my children, the same as provided for ordinary income, descendants of any deceased child stepping into the shares of the deceased parent as above provided.

"I nominate William Veverka and Charles Smith (Son-in-Law) as executors of my Last Will and Testament."

This will was executed by George Veverka and duly witnessed. His wife gave her written consent to the will and agreed to accept the sum given to her therein in lieu of her property rights under the law, and this was duly witnessed. George Veverka died October 3, 1938. His will was duly admitted to probate on October 13, 1938, and the executors nominated therein were duly appointed and qualified.

On February 23, 1939, the executors of the will filed an action, case No. 7317, in the district court of Rooks county for the purpose of having the will construed. The defendants named therein were the heirs at law and the devisees and legatees named in the will, all of whom were properly served with summons, with the exception that the city of Lhoczke, in Wisavitz, in Morava, mentioned in the fifth paragraph of the will, was not named as a defendant. There was no attempt at service of summons upon it, its officials or inhabitants, and no one appeared for any of them. The court examined and approved the service of summons upon the defend-

ants and appointed a guardian *ad litem* for the minor defendants, who filed an appropriate answer under our statute (G. S. 1949, 60-408). The case came on for trial by the court on April 12, 1939. The court found the adult defendants to be in default and

". . . having read the pleadings and heard the evidence and statements of counsel, . . ." found "that the third, fourth, fifth and sixth paragraphs of said Will purport to keep intact, for a period of twenty-five years, all of the rest and residue of said Testator's property, both real and personal, by means of a trust; that the sixth paragraph of said Will purports to vest said trust property in a class to be determined at the end of said twenty-five year period; the Court further finds that said trust violates the rule against perpetuities, and is therefore void."

The court further found:

". . . that by reason of said trust being void as aforesaid, said Testator died intestate as to all property purported to be devised under the third, fourth, fifth and sixth paragraphs of said Will, and that said property vested according to the law of descents and distributions in the heirs of said deceased, except as to his widow."

who had accepted the bequest made to her in the second clause of the will, in conformity with the prenuptial contract. The court further found:

". . . that under the law of descents and distributions, the property purported to be devised under the third, fourth, fifth and sixth paragraphs of said Will, vested in the following named heirs at law of said Testator, in the proportions respectively set forth after their names, to-wit: John Veverka, 1/10; Anna Eaton, 1/10; Frank Veverka, 1/10; Lizzie Bray, 1/10; Joe Veverka, 1/10; Ella Smith, 1/10; Mary Stice, 1/10; William Veverka, 1/10; Mable Mc-Cauley, 1/50; Morris Veverka, 1/50; Freda Geyer, 1/50; Clarice French, 1/50; Florence Canning, 1/50; Goldie Lowry, 1/30; Vera Bray, 1/30; Perry Bray, Jr., 1/30, said above named persons being the sole and only heirs at law of said Testator, at the time of his death."

The judgment and decree were in harmony with these findings.

The probate court was duly advised of this decree and on April 22, 1939, appointed William Veverka and Charles Smith as administrators of the intestate's property. The administration having been completed the persons appointed, first as executors and later as administrators, on March 28, 1940, filed their final accounts. This was in two parts. The first pertained to the time when the executors were acting as such only and was a petition of the executors for final settlement, accounting allowance of compensation and expenses, and order of distribution. This recited that the executors had been duly appointed as such on October 13, 1938, set

forth an accounting of moneys collected and disbursed, in which they charged themselves with money on deposit in the bank, from the proceeds from the sale of wheat and from the sale of other property and from rents, and asked credit for payment to Francis Veverka, under the prenuptial agreement in full of $4,000, for the payment of medical and funeral expenses of the deceased, and other items. It described the real property owned by the decedent at the time of his death, being the same as described in the petition in this action, and alleged that by virtue of the judgment of the district court of Rooks county, rendered on April 12, 1939, in case No. 7317, the testator died intestate as to all the real estate. On March 28, 1940, the court made an order which recited the fact that the petition of the executors for final settlement, etc., had been filed, and ordered that the hearing of the petition be set for April 22, 1940, at 1:00 o'clock p. m., and further ordered that notice of the hearing be given as provided by section 185 of the probate code of the state of Kansas (now G. S. 1949, 59-2209). The notice given in part reads:

"Notice of Final Settlement. In the Probate Court of Rooks County, Kansas. In the Matter of the Estate of George Veverka, Deceased. State of Kansas to all credits and other persons interested in said estate and more particularly to" naming all the heirs of the decedent.

The notice contained all other matters required by the section of the statute last above cited and was even more explicit than the form of the notice outlined by G. S. 1949, 59-2210. The affidavit of the publishers was filed April 22, 1940, showing that the notice had been published for three consecutive weeks commencing with the issue of March 28, 1940.

The other account covers the time since the appointment of the administrators. In this the administrators charged themselves with the cash received from the sale of personal property and took credit for expense of the sale of the personal property and for the partial distribution made to each of the heirs of the decedent other than his widow. The petition of the administrators for final settlement and accounting, allowance of compensation and expenses and order of distribution, among other things, recited:

". . . that they were appointed such Administrators as aforesaid, by reason of a judgment rendered in Case No. 7317, in the District Court of Rooks County, Kansas, on the 12th day of April, 1939, wherein it was adjudged and decreed by said Court, that the said George Veverka, deceased, died intestate as to all property purported to be devised under the third, fourth,

fifth and sixth paragraphs of his said Will, and a finding by said Court that all property belonging to the said George Veverka, deceased, at the time of his death not devised by the first two paragraphs of his Will, vested according to the law of descents and distributions in the heirs of said deceased, except as to his widow, Francis Veverka."

It further alleged that the attached account of the moneys which came into their hands and was distributed was a true and correct account of the administration. It set out the names of all the heirs at law of the decedent, alleged that Francis Veverka had already received her share of the property, and made appropriate allegations as to their compensation and that of their attorney. It further alleged that decedent at the time of his death was the owner of certain real estate, which was described, being the same real estate here involved, and alleged the court should determine the descent of said real estate and all other property now in the hands of the administrators; and that the property should be assigned by the court to the persons entitled thereto. On March 28, 1940, the court made an order for the hearing of the petition for the final settlement of the account, the allowance of compensation and expenses, and order for distribution of the estate of George Veverka, deceased, and set as the time for the hearing of the petition April 22, 1940, at 1:30 o'clock p. m., and further ordered that notice of the hearing be given as provided by section 185 of the probate code. The notice given in part reads:

"Notice of Final Settlement. In the Probate Court of Rooks County, Kansas. In the Matter of the Estate of George Veverka, deceased. State of Kansas to all creditors and other persons interested in said estate and more particularly to" (naming each of the heirs at law of the decedent), and followed with all other matters required by the statute last above mentioned.

The proof of the publication filed April 22, 1940, shows that the notice was published for three consecutive weeks, beginning with the issue of March 28, 1940. The attorney for the petitioner filed an affidavit that a copy of the notice for hearing had been mailed to each of the heirs of the decedent, giving their respective names and addresses.

The probate court in its journal entry of final settlement found that due and legal notice of the hearing upon the report had been given according to section 185 of the probate code, and that notice, together with the proof thereof, was on file with the court. It examined the account filed by the executors and the account filed by the administrators and approved both of them. The court further

found that by virtue of a judgment rendered in the district court on the 12th day of April, 1939, in case No. 7317, wherein it was adjudged and decreed by the court that George Veverka, deceased, died intestate as to all property purported to be devised under the third, fourth, fifth and sixth paragraphs of the will, and that said property vested according to the law of descents and distribution to the heirs of the deceased, except his widow, and that by virtue of the judgment William Veverka and Charles Smith, on April 22, 1939, were duly appointed as administrators of the estate of George Veverka, deceased, and that all the assets remaining to be administered upon in their hands as executors and belonging to the estate were turned over to the administrators, and that no assets or money remained in the hands of the executors with which to pay costs of administration, executors and attorney's fee in connection with the probate of the will. The court then took up the report of the administrators and found that due and legal notice of the hearing had been given by the administrators according to section 185 of the probate code, and that proof thereof was on file with the court. The court then examined the account of the administrators and found that the estate had been fully administered, that final settlement should be made, and the executors and administrators should be discharged. The court further found that the taxes imposed by the inheritance tax laws of Kansas had been paid or settled as provided by law; that all claims presented against the estate, both to the executors and administrators, had been paid; that the personal property belonging to the estate had been sold and disposed of; that the accounts of the executors and the administrators were in all respects regular and should be approved.

"The Court further finds that at the time of the death of the said George Veverka, he was the owner of the following described real estate, to-wit" (describing the same property described in the petition in this action) and "That by virtue of a judgment of the District Court of Rooks County, Kansas, rendered on the 12th day of April, 1939, in Case No. 7317, as hereinbefore set forth, the said George Veverka, deceased, died intestate as to all of said real estate.

"The Court further finds that the following named persons were the sole and only heirs at law of the said George Veverka, deceased, and they should inherit said property in the proportions set opposite their names." (Then follows the list as later stated.)

The court further found that the widow, Francis Veverka, was precluded from inheriting any of the real estate by reason of the fact that she had accepted the devise made her under the second

paragraph of the will, in conformity with the prenuptial contract between the parties.

"It is further adjudged and decreed by the Court, that the said George Veverka, deceased, died intestate as to all of the above described real estate, and all property purported to be conveyed under the third, fourth, fifth and sixth paragraphs of his said Will; that the said Francis Veverka, widow of said testator, who was formerly Francis Kucera, is precluded from inheriting any of the property owned by the said decedent at the time of his death.

"It is further decreed by the Court that the above described real estate, and all other real estate within the State, and owned by the said George Veverka, deceased, at the time of his death, subject to any lawful disposition thereof heretofore made, be, and the same is hereby assigned to and vested in the following named persons, in the proportions or parts set opposite their names, to-wit: John Veverka, 1/10 interest; Anna Eaton, 1/10 interest; Frank Veverka, 1/10 interest; Lizzie Bray, 1/10 interest; Joe Veverka, 1/10 interest; Ella Smith, 1/10 interest; William Veverka, 1/10 interest; Mary Stice, 1/10 interest; Mable McCauley, 1/50 interest; Morris Veverka, 1/50 interest; Freda Geyer, 1/50 interest; Florence Canning, 1/50 interest; Clarice French, 1/50 interest; Goldie Lowry, 1/30 interest; Vera Bray Combs, 1/30 interest; Perry Bray Jr., 1/30 interest.

"It is further ordered that after the payment of the sums hereinbefore allowed, that said Administrators file with said Court, the cancelled checks as receipts for said sums, and that they file a supplemental report and accounting of their proceedings hereunder, and that upon the filing of said receipts and said report, that they be discharged as Executors and Administrators of said estate, as provided by law."

On May 2, 1940, the receipts were filed with the court, as were directed, together with a supplemental account, all of which were approved, and the court made an order of final discharge of the executors and administrators.

On May 11, 1940, in case No. 7466, in the district court of Rooks county, entitled "In re: Last Will and Testament of George Veverka, Deceased," the Arkada Oil Company, Inc., filed an application for the appointment of a trustee. It was an *ex parte* application, that is, no other person was made a party to the action. This application alleged that George Veverka died testate October 3, 1938, owning described real property the same as is described in this case; that his will was duly admitted to probate October 13, 1938, and executors were appointed; that on February 23, 1939, the executors filed an action, No. 7317, in the district court for the purpose of construing the will; that on April 12, 1939, the court rendered its decree; that the third, fourth, fifth and sixth paragraphs of the will are null and void and that the testator died intestate as to the property covered thereby; that on April 22,

1939, the former executors were appointed administrators and duly qualified, and later they completed the administration of the estate not decreed void by the court in case No. 7317; that on May 2, 1940, after proper advertising, the estate was fully closed in the probate court and the executors and administrators discharged. It further alleged that the city of Lhoczke, in Wisavitz, in Morava, none of its officers, nor anyone purporting to represent the parties, or the beneficiaries of the one-eleventh interest in the oil and minerals in the land of the testator, to be paid as provided in paragraph five of the will, were made parties in case No. 7317, and that the judgment rendered in case No. 7317 is void insofar as the trust created in paragraph five of the will pertained to the one-eleventh of the oil or minerals from the testator's land is concerned; that the applicant owns oil and gas leases covering a described portion of the land which belonged to the testator, which had been executed by all the heirs of George Veverka, but that applicant is unable to get the lease developed by parties able to develop the same unless they are properly executed by a trustee appointed by the court to that part of the will pertaining to the one-eleventh of the production of oil or minerals in the land; that appellant has been informed by marketing agents for the production of oil and gas that the oil from the leases will not be marketable until a trustee is so appointed and the leases executed by the trustee and approved by this court; that applicant is interested in acquiring oil and gas leases on other lands which belonged to George Veverka at his death; that the leases will be in the same condition as those described herein unless a trustee is appointed by the court; that William Veverka and Charles Smith, named in the will of George Veverka as executors, refuse to be appointed or to qualify as trustees of the will upon the ground that the provisions in paragraph five of the will, previously stated, are null and void, and that a suitable person should be appointed trustee of the will of George Veverka for the purpose of carrying out the provisions of paragraph five pertaining to the leasing and payment of one-eleventh of the production of oil and minerals on any of the land. The prayer was that such a trustee be appointed. Without notice to anyone, and with no one appearing but the attorney for the applicant, and after the consideration of the application, the court found that William Veverka and Charles Smith, named as executors in the will, refused to be appointed trustees and refused to qualify for appoint-

ment; that they denied that any valid trust was contained in the will; that it was necessary that a trustee be appointed for that portion of the will pertaining to the leasing for oil and mineral developments on the payment of one-eleventh of the production of the oil and minerals, as provided in the fifth paragraph of the will, including all parts of the will referred to in that paragraph, or supporting the same and necessary for carrying out the terms of the trust created in the paragraph. The court made an order appointing R. Q. Scott as such trustee, to become effective upon his taking the oath and giving bond in the sum of $1,000. The oath and bond of the trustee were filed on the same date and approved by the court. On the same date R. Q. Scott made written application for authority to execute, as trustee, the oil and gas leases mentioned in the application for the appointment of a trustee. The application for the trustee to execute the leases was approved by the court and an order made directing the trustee to execute such leases. Also on the same date the court, being advised that the trustee had executed the leases, made an order approving such execution by the trustee. Thereafter and on February 27, 1941, R. Q. Scott, trustee, presented his application to the court for an order approving his execution of an oil and gas lease upon a described eighty-acre tract of the land in question to Ira Scott, and this application was approved by the court on the same day it was filed. Also, on February 27, R. Q. Scott, trustee, presented an application to the court for its approval of his execution of an oil and gas lease on a described 240 acres of the land in question to one Ira Scott, and the approval requested was granted by the court. Thereafter and on April 28, 1941, R. Q. Scott, trustee, presented to the court an application to approve his execution of two leases, each covering a described 160 acres of the land here in question, to one Ira Scott, and the court approved the action of the trustee.

The court's records do not show anything further to have been done until this action was filed on October 22, 1946.

It is stipulated that the plaintiffs in this action are heirs at law of George Veverka, deceased, or purchasers of shares of the property from the heirs at law of the decedent. The defendants may be classified in three classes: *First,* one of the poor of the city of Lhoczke, the city itself, and its officers; *second,* R. Q. Scott, trustee, and *third,* several persons interested in oil and gas leases on the property. The action was to quiet title to the real property in

plaintiffs and against all of the defendants. Service of summons by publication was had upon all nonresident defendants, including the city of Lhoczke, its officials, and the representatives of the poor residing there. Defendants, claiming an interest under oil and gas leases, filed an answer in which they alleged they were the owners of certain oil and gas leases, copies of which were set out, which had been executed by all the heirs at law of George Veverka. The leases had not been executed by R. Q. Scott, trustee. It was alleged the leases had been executed by all the parties who had any interest in the land; that the fifth paragraph of the will of George Veverka was void as being in violation of our statute (G. S. 1949, 59-602), and that in no event did the section confer upon one of the poor of the city of Lhoczke, the city, or its officers, or R. Q. Scott, trustee, any vested interest in real property, and that the most any of them had was a share of oil or other minerals after they had been removed from the property. The issues raised by this answer were first tried by the court, and the court held that in no event did the provisions of the will of George Veverka, deceased, confer upon or vest in the defendant, John Doe, one of the poor of the city of Lhoczke, or the city, or its officers, or their successors, or R. Q. Scott, trustee, under the fifth paragraph of the will, any right, title or interest in or to the land owned by George Veverka at the time of his death, or in the minerals thereunder. No appeal was taken from that judgment. R. Q. Scott, trustee, filed an answer in which he admitted that plaintiffs are in possession of the property, stated the history of the death of George Veverka, the probate of his will, the action brought by the executors in the district court, No. 7317, for the purpose of construing the will, the judgment in that action, and the fact that the former executors were named as administrators and had closed the administration of the estate. With respect to the action to construe the will it was alleged that the city of Lhoczke, and none of its officials, or the poor thereof, were made parties in the case to construe the will, No. 7317, no one appeared for them in that case, and that the judgment rendered therein was void or not effectual insofar as the trust created by paragraph five of the will is concerned. It was further alleged that paragraph five of the will creates a public charitable trust, that it is valid, and should be carried out according to its terms. It further alleged the appointment of a trustee on May 11, 1940, in case No. 7466. The prayer was for a decree that paragraph five of the will of George Veverka, deceased, created and

constituted a valid public charitable trust; that his appointment as trustee be confirmed and approved; that the court make such further orders or decrees as are necessary to carry out the terms of the trust, and that the defendant be granted such other and further relief as is just and equitable, and that no costs should be assessed to him. Upon the hearing the court quieted title in plaintiff against all of the defendants and held:

". . . that any devise or bequest under and by virtue of said fifth paragraph of the Last Will and Testament of George Veverka, deceased, is void, under section 59-602" of the General Statutes of 1949, and "such bequest or devise under said paragraph is barred by said Statute; that all of such claims made by said Defendants, or any of them, are void and wrongful, and a cloud upon Plaintiffs' title to said real estate and their possession thereof; that Plaintiffs' title to said real estate should be quieted in them, and against said defendants."

The court's decree was in harmony with that holding. From this judgment R. Q. Scott, trustee, has appealed and presents as the sole question for our review whether or not the bequest in question is void by reason of G. S. 1949, 59-602, which, so far as here pertinent, reads:

"Any devise of real estate located in this state, and any bequest of any personal property by a resident of this state, without regard to the time when the will containing such devise or bequest shall have been made, to any foreign country, subdivision thereof, or city, body politic, or corporation, located therein or existing under the laws thereof, or in trust or otherwise to any trustee or agent thereof, except devises and bequests to institutions created and existing exclusively for religious, educational, or charitable purposes, is hereby prohibited. Any such devise or bequest shall be void."

Counsel for appellant argues that the will in question was admitted to probate before this section of the statute was enacted, therefore it has no application. It is true that the section is a part of the Kansas probate code enacted by the legislature in 1939 (chapter 180, Laws 1939), which was specifically made effective on July 1, 1939. That fact, however, is not conclusive upon the question as to whether the statute is applicable to the gift attempted to be made to the city of Lhoczke by the fifth paragraph of the will. Counsel cite 59 C. J. 1159; 50 Am. Jur. 493; *First Nat'l Bank v. Gray*, 151 Kan. 558, 99 P. 2d 771, and authorities cited therein, including *International Mortgage Trust Co. v. Henry*, 139 Kan. 154, 30 P. 2d 311, all to the effect that statutes are presumed to operate prospectively and not as having retroactive effect upon vested rights under existing laws. That rule of law may be con-

ceded. The difficulty of applying it here is the fifth paragraph of the will in question which gave no vested right to the city of Lhoczke, or its officials or inhabitants. The right attempted to be given to them was contingent. It was one that might never happen. It did not pertain to any then existing property, but only to what might possibly have an existence in the future, but with no certainty that it ever would exist. When oil was discovered on the land in 1946 the statute was in force.

The fifth paragraph of the will was held void by the district court in case No. 7317. Counsel for appellant contend that judgment was void as to the city of Lhoczke, its officers and inhabitants, for the reason that they were not parties to that action. That contention, which no doubt would be good in many cases, we think is not important here. The provision in question in the fifth paragraph of the will is only a part of the scheme of the testator set out in the third, fourth, fifth and sixth paragraphs of the will, which in short provide that the executors should keep the real and personal property together, manage it, and pay the taxes upon it, and distribute rents and income, including that which might result from production of oil or minerals. The whole scheme fell because the testator placed a ·time for the real and personal property to be held together to the term of twenty-five years, which was void as against the rule of perpetuities. (*Klingman v. Gilbert,* 90 Kan. 545, 135 Pac. 682; *Lasnier v. Martin,* 102 Kan. 551, 171 Pac. 645; *Kirkpatrick v. Kirkpatrick,* 112 Kan. 314, 333, 334, 211 Pac. 146; *Malmquist v. Detar,* 123 Kan. 384, 255 Pac. 42; *Beverlin v. First National Bank,* 151 Kan. 307, 98 P. 2d 200.) The result was that the entire scheme fell, with the result that the land and personal property passed to the testator's heirs at law. This result is necessary whether decided in case No. 7317 or in this case. The report of the administrators to the probate court shows that they had a sale and sold the personal property and distributed the proceeds among the heirs, and that they ceased to exercise any control over the real property. It passed directly to the heirs. The administration of the estate of George Veverka was commenced in the probate court in October, 1938, under our statutes then in force pertaining to decedents' estates (chapter 22, G. S. 1935). The estate was closed under our Kansas probate code (chapter 180, Laws of 1939, now, as slightly amended in ways not pertinent here, chapter 59, G. S. 1949). The closing of the estate under the Kansas probate code was specifically

authorized by G. S. 1949, 59-2602. The notice given in the probate court for the closing of the estate as executors, and also notice as to the closing of the estate as administrators, was given in harmony with section 185 of the Kansas probate code, now G. S. 1949, 59-2209.

Appellant points out that the notice of publication did not contain the name of the city of Lhoczke, its officers or inhabitants and contend it is not good as to them for that reason. The point is not well taken. The form of the notice was provided in section 186 of the Kansas probate code (Chap. 180, Laws 1939), in force when those notices were given, and reads:

"Notice of any hearing, if such is required, shall be in substantially the following form:

"*State of Kansas,* ——— *County, ss.* In the probate court of said county and state. In the matter of the estate of (name of decedent or person under disability, with a specific designation which it is). Notice of Hearing. The state of Kansas to (names of persons to whom notice is given), and all other persons concerned: . . ."

This was slightly changed by section 8 of chapter 284, Laws of 1941, and now appears as G. S. 1949, 59-2210. The notice given in the probate court, previously quoted herein, was addressed: "to all creditors and other persons interested in said estate and more particularly to," (naming the heirs at law of the decedent).

With respect to persons in foreign countries interested in an estate our statute (G. S. 1949, 59-1705) reads:

"When it appears in the administration of an estate of a decedent or a ward that subjects, citizens or nationals of any foreign country are or may be interested as heirs, devisees, legatees, or otherwise, the court before whom the matter is pending shall give notice by mail to the consular representative of such country for this state of the pendency of such matter and the probable interest of such foreign citizens, subjects, and nationals therein, if such consular representative has filed his name and address in such court. The failure to give such notice shall not affect the validity of any proceeding."

There is nothing in this record tending to show that the consular representative of Morava had filed his name and address in the probate court of Rooks county. Even if he had done so and the court had failed to give the notice by mail, as provided by that statute, it would not affect the validity of the proceeding. Aside from persons named the notice is to "all other persons concerned," which includes the consular representative of Morava and the city of Lhoczke, its officials and inhabitants. It also includes the Arkada

Oil Company, Inc., if it had any interest in the estate respecting the appointment of a trustee.

As previously stated herein, after the notices for final settlement were given by the executors and administrators of the estate, and at the time stated therein, the court had a hearing in which, among other things, the court found what real property was owned by the decedent at the time of his death, who were the heirs at law of the decedent entitled to receive it, and assigned to each of them the specific fractional portion such party was entitled to receive.

Our statute (G. S. 1949, 59-2213) provides: ". . . The court shall have control of its orders, judgments, and decrees for thirty days after the date of the rendition thereof. Thereafter such orders, judgments, and decrees may be vacated or modified as provided by section 605 (G. S. 1949, 60-3016) of the code of civil procedure." No application was made by anyone to modify or set aside the decree of the court under this section.

Also, our statute (G. S. 1949, 59-2252) in part reads:

"A party against whom a judgment or decree has been rendered in proceedings to determine the persons entitled to the real property of a decedent, without other service than publication in a newspaper, may at any time within one year after the date of the judgment or decree have the same opened or set aside and be let in to defend. . . ."

No proceeding was had by anyone under this section with respect to the final judgment and decree of the probate court. Our statute (G. S. 1949, chapter 59, article 24) provides for appeals to the district court, and from there to the supreme court, from orders or decrees or judgments of the probate court. No appeal was taken under any of these provisions of the statute. The result is that the finding and decree of the probate court became final and binding upon everyone who might have claimed some interest in the property assigned to the heirs at law of the decedent. (*Bindley v. Mitchell,* 170 Kan. 653, 228 P. 2d 689; *In re Estate of Bump,* 171 Kan. 442, 233 P. 2d 478, and *In re Estate of Bowman,* 172 Kan. 17, 238 P. 2d 486, and the authorities cited in those cases.)

Counsel for appellant contend that the wording of the fifth paragraph of the will is not obnoxious to the statute. They contend the will first makes the city officials trustees of the fund for the care of the poor of the city, and in the alternative makes the executors of the will such trustees. They contend the statute covers a gift in trust to trustees or agents for the purpose mentioned. The stat-

ute (G. S. 1949, 59-602) is ample to cover a situation suggested by counsel for appellant. That the statute was designed to be in force is made clear by our opinion in the case of *In re Estate of Weeks,* 154 Kan. 103, 114 P. 2d 857; where it was sought, without effect, to be avoided by the doctrine of *cy pres.*

The result is that the final decree of the probate court assigning to the heirs of George Veverka the real property described in the petition in this case vested title in them free from any claim of the city of Lhoczke, its officers and inhabitants.

The *ex parte* application of the Arkada Oil Company, Inc., for the appointment of a trustee, and the ruling of the court made thereon, perhaps were void. (See 65 C. J. 599.) But we shall not determine that point since it has not been argued. We agree with the court's judgment upon the first issue tried in this case that in no event did the provisions of the will of George Veverka, deceased, confer upon or vest in the defendant, John Doe, one of the poor of the city of Lhoczke, or the city or its officers, or their successors, or R. Q. Scott, trustee, under the fifth paragraph of the will, any right, title or interest in or to the land owned by George Veverka at the time of his death, and that they are neither necessary nor proper parties to an oil and gas mining lease covering land owned by George Veverka at the time of his death.

The judgment of the trial court should be affirmed and the receivership should be closed promptly. The funds in the hands of the receiver should be returned to the clerk of the court and disbursed to plaintiffs and the receiver discharged.

It is so ordered.