No. 42,292

COMMUNITY HIGH SCHOOL DISTRICT OF LABETTE COUNTY, KANSAS, *Appellant*, v. THE BOARD OF EDUCATION OF THE CITY OF PARSONS OF THE STATE OF KANSAS, DISTRICT No. 33, *Appellee*.

(362 P. 2d 58)

Opinion filed May 13, 1961.

*Elmer W. Columbia,* of Parsons, argued the cause, and *John B. Markham* and *Herman W. Smith, Jr.,* of Parsons, were with him on the briefs for appellant.

*Glenn Jones,* of Parsons, argued the cause and was on the briefs for the appellee.

The opinion of the court was delivered by

FATZER, J.: This appeal arises out of the following: The plaintiff is a community high school district (G. S. 1959 Supp., 72-2526, *et seq.*), and includes all of the territory in Labette County not included in the territory of a school district maintaining an accredited high school, and maintains and operates its high school at its school site in the city of Altamont. The only cities in Labette County maintaining accredited high schools, other than the plaintiff, are Oswego, Chetopa, Edna, Mound Valley and Parsons. The defendant Board of Education is school district No. 33 of Labette County, and includes all of the territory within the boundaries of the city of Parsons. At all times here material the boundaries of the plaintiff school district were adjacent to and adjoined the boundaries of the city of Parsons.

Pursuant to G. S. 1959 Supp., 13-1602a, the city of Parsons enacted three different ordinances annexing property and adjacent territory to the city which had a total tangible assessed valuation of $146,065. As a result of such ordinances, over which neither the

plaintiff nor the defendant school district had any right or control, the tangible assessed valuation of the plaintiff was reduced and the tangible assessed valuation of the defendant was increased in the amount of $146,065.

On June 1, 1957, and prior to the enactment of the annexation ordinances, the plaintiff school district issued its general obligation bonds in the sum of $1,400,000 to erect and equip additional school buildings and to secure additional property at its school site in Altamont. When issued, the bonds became the lawful obligation of the plaintiff and of all the territory within its boundaries. To pay the principal and interest due thereon in twenty annual approximately equal payments, an annual tax levy was required to be extended on all the tangible taxable property in the district. Although the plaintiff school district retained its school buildings, equipment and site following the annexations, G. S. 1959 Supp., 72-5316c provides that it shall assume payment of the unpaid bonded indebtedness incurred prior thereto to construct and equip school buildings located within its new territory.

The plaintiff contended the defendant school district was indebted to it and was required to make payment in an amount to be computed in accordance with the provisions of G. S. 1959 Supp., 72-5316e. The parties were unable to agree that the defendant was liable to the plaintiff in an amount equal to the proportionate amount annual tax levies would have raised to retire the bonded indebtedness had they been extended upon the annexed territory, and acting pursuant to G. S. 1959 Supp., 72-5316a-72-5316h, and particularly 72-5316e, the plaintiff filed its petition in the district court of Labette county alleging, among other things, the foregoing facts, to which the defendant school district filed its demurrer. The district court sustained the defendant's demurrer, and the plaintiff perfected this appeal.

We find it unnecessary to analyze the provisions of the statutes here involved except to say the legislature provided a method to adjust property rights and claims between the board of education of cities of the first and second class and the board of any adjacent school district where a city's boundaries were extended by annexing a part of the territory of an adjacent school district. Provision is made in G. S. 1959 Supp., 72-5316e that in the event of the failure or inability of the two school boards to make an agreement adjusting their property rights and claims, either school board, or the county

superintendent, under circumstances prescribed by the statute, may file a petition in the district court of the county in which the city is located, stating the facts pertaining to the annexation and praying for an adjustment of the property rights and claims between the two school boards. Written notice of the filing of the petition is required to be given and proof of service is required to be filed in the office of the clerk of the district court within the time prescribed. The statute then directs the court to appoint and instruct three competent commissioners to resolve the conflicting claims of the respective school boards in accordance with the standards provided, who shall make a written report to the court and serve copies thereof upon the county superintendent and upon each of the interested boards. The court is directed to examine the report and approve it after notice to the parties, or it is empowered to correct or amend the report and approve it as amended, or it may reject the report and appoint new commissioners to make a new report. If the report is approved by the court, or if corrected and approved, it shall be final, and upon approving the same, the court shall enter a judgment for the amount found to be due from one board to the other board. As held in *Common School Dis't No. 86 v. Olathe City School Dis't No. 16*, 186 Kan. 512, 351 P. 2d 193, such a judgment of the district court is final and no right of appeal to the supreme court is provided.

We do not pass upon the question raised by the appellee that the appellant has no standing in this court from the order sustaining its demurrer to the petition, but viewing this case as one in mandamus to require the district court to comply with the provisions of the statute (G. S. 1959 Supp., 72-5316e) and appoint three competent commissioners to proceed in accordance with the standards therein provided and adjust the property rights and claims of the plaintiff and the defendant and make a written report to the court for its consideration and final determination, all as provided by the statute, the order sustaining the demurrer to the plaintiff's petition is set aside and this case is remanded for further proceedings in accordance with G. S. 1959 Supp., 72-5316e, and the views expressed herein.

It is so ordered.