No. 43,318

COMMUNITY HIGH SCHOOL DISTRICT OF LABETTE COUNTY, KANSAS, *Appellant,* v. THE BOARD OF EDUCATION OF THE CITY OF PARSONS OF THE STATE OF KANSAS, DISTRICT No. 33, *Appellee.*

(383 P. 2d 976)

Opinion filed July 10, 1963.

*Elmer W. Columbia,* of Parsons, argued the cause, and *John B. Markham* and *Herman W. Smith, Jr.,* both of Parsons were with him on the brief for the appellant.

*Glenn Jones,* of Parsons, argued the cause and was on the brief for the appellee.

The opinion of the court was delivered by

SCHROEDER, J.: This action arises out of the annexation of territory from the Labette County Community High School District (appellant) by the City of Parsons. The annexed territory at the time of its annexation was subject to its pro rata share of bonds in the sum of $1,400,000 authorized by an election of the residents of the district as it existed previous to the annexation ordinances passed by the City of Parsons. These bonds were issued and outstanding obligations of the Labette County Community High School District as it existed when the property was taken from this district by annexation.

This action is brought by the Community High School District against the Board of Education of the City of Parsons (appellee) seeking to recover the pro rata amount of the bonds and interest as they may become due, which were valid obligations upon the annexed property taken into the City of Parsons.

The action in this case is purely statutory (G. S. 1961 Supp., 72-5316e) and at the time this action was filed, and at all times material herein, no provision was made for appeal to the Supreme Court. (*Common School Dis't No. 86 v. Olathe City School Dis't No. 16,* 186 Kan. 512, 351 P. 2d 193, and authorities cited therein.) This was recognized in the former appeal in this case (*Community High School v. Board of Education,* 188 Kan. 300, 362 P. 2d 58), where resort may be made to the facts alleged in the petition.

The appellee challenges the appellant's right of appeal to the Supreme Court. The appellant, on the other hand, is not unmindful

of the previous decisions of this court in regard to the right of appeal, but attempts to circumvent the statute by asking this court to again exercise its power of mandamus, as it did in the former appeal of this case. There the appeal was from an order of the trial court sustaining a demurrer to the petition, which in effect entirely ignored the statute. This court was so shocked that the proceeding in the former appeal was treated as one in mandamus.

It is the contention of the appellant that the subsequent happenings in this case—the refusal and failure of the trial court to give the commissioners who were laymen written instructions, and the approval of the majority report of the commissioners without amending the conclusions of law contained therein, thus ignoring its requests—show "a complete lack of consideration of the intent of the statute, and such an arbitrary and unwarranted conclusion of the two commissioners" that the Supreme Court is justified in using its extraordinary powers and treating the appeal as an action in mandamus.

This point is not well taken.

In the former appeal the trial court was ordered to appoint commissioners and proceed pursuant to the applicable statute. When the case went back, commissioners were appointed, their report was filed and approved and judgment rendered. Under these circumstances, the situation here presented is entirely different than it was in the former appeal, and the decision is final.

G. S. 1961 Supp., 72-5316e, reads in part as follows:

". . . The report and determination of the commissioners, if approved by the court or if corrected and approved by the court, *shall be final.* . . ." (Emphasis added.)

In the 1963 session of the legislature 72-5316e, *supra,* was amended (House Bill No. 379) to authorize appeal in actions of this type to the Supreme Court.

The appellant also urges that in a procedural matter of this type we should recognize the amendment and give it retroactive application to authorize the appeal in the instant case.

It is a general rule that a statute will only be given retroactive effect when such intention is clearly expressed. (*First Nat'l Bank v. Gray,* 151 Kan. 558, 99 P. 2d 771; *Bulger v. West,* 155 Kan. 426, 125 P. 2d 404; and *Eaton v. Doe,* 172 Kan. 643, 654, 243 P. 2d 236.)

In the case at bar House Bill No. 379 makes no mention what-

soever that it applies to pending appeals, or that it has a retroactive effect, and it would be improper for this court to so construe the act.

In conclusion we refrain from expressing any opinion concerning the decision of the trial court on the merits of the action, but are constrained to hold that the appeal must be and hereby is dismissed.