F. H. OTIS AGT. ANN C. JENKINS, ADMINISTRATRIX.

*Jurisdiction: Probate Courts: Administration: Limitation: Error.*

1. As a logical sequence to the decision of Locknane agt. Martin and Dewey agt. Dyer, probate courts have not the legal power to determine the liabilities of estates to third parties, or of third parties to estates.

2. The act of 1855 provides that all claims not presented in three years from the date of the letters of administration are barred, and in case the record does not disclose the fact that the claim was presented within three years from that date, it will not presume error, and will affirm the order of the *probate* court.

APPEAL from the ~~District~~ Probate Court of ~~the Second Judicial District~~ in and for Douglas County.

*By the Court*—ELMORE, J.

In the case of Locknane agt. Martin, December term, 1858, and in the case of Dewey agt. Dyer, at the present term of this court, it was decided by this court, that the court of probate has not common law or chancery jurisdiction. The logical sequence of these decisions is, that the courts of probate do not possess the right to determine the legal liabilities of estates to third parties, or the legal liabilities of third parties to estates. The act of 1855, page 76, section 1, contemplates that the court of probate shall classify all claims against the estate, and that they shall be paid agreeble to this classification. Section 2d, page 75, of the acts of 1855, provides that all claims, not exhibited within three years from the granting of letters of administration, etc., shall be forever barred, save as to infants, etc. The record, in this case, does

not show at what time letters of administration were granted to the administratrix. So far as this court knows, letters were granted three years previous to the commencement of this proceeding; and, in that event, there would be no error in the court's refusing to classify, without the holder of the claims or appellant was included within the exceptions made in section 2d, page 76, of the Statutes of 1855; and the record does not show that such was the case. So far as the proof of the appellant goes, it is regular and proper; but it does not prove enough. It does not show material and important facts, which are absolutely necessary to be proved before the court could classify the claims against the estate. We see no reason why we should disturb the order of the probate court in this case made.

ORDER.—The appellee will recover of the appellant her costs in this behalf expended, for which let execution issue.