## W. T. DAVIDSON v. JACOB SECHRIST, *et al.*

INSTRUMENTS, *Exempt.* A resident of Kansas, not married and not the head of a family, carried on as his sole business that of "an insurance agent and abstracter of titles," and in doing so, used the following articles of property: "One iron safe, and one set of abstracts, and one cabinet and table." *Held,* That under subdivision 3 of § 4 of the exemption laws, (Comp. Laws of 1879, p. 438,) the above-mentioned articles are "instruments" within the meaning of said subdivision 3, and are exempt from execution.

### *Error from Dickinson District Court.*

AT the May Term, 1881, of the district court, defendants *Sechrist* and another had judgment against plaintiff *Davidson,* who brings the case here. The opinion states the facts.

*Case & Curtis,* for plaintiff in error.

*Mahan & Burton,* for defendants in error.

The opinion of the court was delivered by

VALENTINE, J.: This was an action of replevin, brought by W. T. Davidson to recover certain goods and chattels

claimed by him, but which had been taken in execution by the defendants, Sechrist and Mahan. The sole question involved in the case is, whether such goods and chattels were exempt from the execution levied upon them. The case was tried before the court below without a jury, and the court made the following findings of fact and law.

### "FINDINGS OF FACT.

"The court doth find —

"1. That W. T. Davidson, the said plaintiff, is a *bona fide* resident of Dickinson county, state of Kansas, and unmarried, and not the head of a family.

"2. That he is an insurance agent and an abstracter of titles, and that he is dependent upon these things for his support.

"3. That he has no occupation other than as an insurance agent and an abstracter of titles.

"4. That the property replevied in this action, to wit, one iron safe and one set of abstracts, and one cabinet and table, were used and kept by him for the purpose of carrying on his business as an insurance agent and abstracter of titles."

### "FINDING OF LAW.

"That the plaintiff, W. T. Davidson, is not entitled to claim said property exempt from seizure and sale upon the execution issued to the defendant Sechrist."

Upon these findings the court below rendered judgment in favor of the defendants, and against the plaintiff; and the plaintiff now seeks a reversal of such judgment. The plaintiff claims that the property is exempt from execution under § 4, subdivisions 3 and 4, of the exemption laws, which reads as follows:

"SEC. 4. The following property only shall be exempt from attachment and execution, when owned by any person residing in this state, other than the head of a family: . . . Third, the necessary tools and instruments of any mechanic, miner, or other person, used and kept for the purpose of carrying on his trade or business, and, in addition thereto, stock in trade as provided in the last section. Fourth, the library, implements and office furniture of any professional man." (Comp. Laws of 1879, p. 438.)

We think the property in controversy in this case is ex-

empt from execution, under the third subdivision of the foregoing section, as being tools and *instruments* used by the owner in carrying on his business. As often stated by this court, the exemption laws must receive a liberal construction for the purpose of carrying out their object and design, and one of the main objects of exemption laws is, that every person shall have the means of carrying on some useful business, and thereby of obtaining an honest livelihood. If the property in the present case is not exempt, then the plaintiff will be stripped of all means of carrying on his business, and of thereby procuring a livelihood, and will be compelled to seek some other mode of obtaining a subsistence. This would not be in accordance with the beneficent design of the exemption laws.

The judgment of the court below will be reversed, and the cause remanded with the order that judgment be rendered upon the findings of fact, in favor of the plaintiff, and against the defendants.

All the Justices concurring.