No. 36,862

D. W. Evans et al., *Appellees*, v. Frank J. George et al.,
*Appellants*.

(178 P. 2d 687)

Opinion filed March 24, 1947.

*Everett E. Steerman,* of Emporia, argued the cause, and *Paul E. Wilson,* of Lyndon, was with him on the briefs for the appellants.

*Alex Hotchkiss,* of Lyndon, argued the cause and was on the briefs for the appellees.

The opinion of the court was delivered by

Hoch, J.: This was an application for review of an order of a school reorganization committee. The district court made an order vacating the order of the committee on the ground that it was unlawful and unreasonable. The school reorganization committee appealed to this court. The appellees have filed a motion to dismiss the appeal on the ground that the statute does not provide for it.

The entire proceeding is based upon G. S. 1945 Supp. 72-5601 *et seq.,* being chapter 291 of the Laws of 1945. The act provides generally for a reorganization of the common-school system, with special attention to territory. Since there are so many common-school districts in the state, a sweeping, comprehensive statute was required.

The first section defines terms as used in the act. The second section provides for the creation of the division of school reorganization within the state department. The third section provides for reorganization committees to be appointed by the board of county commissioners of each county and makes it the duty of the county attorney to advise this committee and to assist at hearings. The fourth section provides for the organization of this committee. The

fifth section provides for a *per diem* compensation and the employment of a stenographer. The sixth section provides for meetings and for the election of officers. The seventh section provides for reorganizing the school districts of the county and what elements must be considered in making such reorganization, and that in case of school districts containing territory lying in two or more counties the reorganization committee of each county shall meet in joint session. The eighth section provides for the committee fixing dates and places for meetings and giving notice to all patrons of districts affected. The ninth section provides for the making of orders to properly organize or disorganize, number or renumber the school districts affected in the county. The tenth section provides that any party dissatisfied with any order of the county committee may, within thirty days after the last publication of the order, apply in writing to the county committee for a rehearing, and that no cause of action arising out of any plan or order of the committee shall accrue unless such party shall make application for rehearing, and provides that in case any published order of the committee is changed or modified upon rehearing, then any party aggrieved, whether a party to the dispute or not, may appeal to the district court as provided in the next section. The next four sections, 72-5611, 72-5612, 72-5613 and 72-5614, relate to a review of the order of the reorganization committee after the application for rehearing has been passed upon. They provide as follows:

"Within thirty days after an order on the application for rehearing is made, any party aggrieved may apply in writing to the district court of the county in which the order of the committee is to become effective for a review of such order. If the order of the committee is to become effective in more than one county, the application must be to the district court of any one of such counties. The application for review shall be filed in the office of the clerk of the district court of the proper county and shall specifically state the grounds for review upon which the applicant relies and shall designate the order sought to be reviewed. The clerk of the district court shall immediately serve a certified copy of said application upon the proper county committee or committees, as the case may be, by transmitting such certified copy personally or by registered mail to the secretary of the committee. Said sercretary or secretaries shall immediately notify all parties who are recorded as having appeared at the committee's rehearing by mail that such application for review has been filed: *Provided,* That no more than one application for review involving the same territory shall be pending at any one time and any subsequent application, if filed, shall be made a part of the proceedings in the first application filed, or any aggrieved party may become a party

to said original action. The clerk of the district court shall, at the time of filing, mark the day and hour thereof upon said application.

"The secretary of the committee upon receipt of said copy of the application for review shall forthwith transmit to the clerk of the district court in which the application for review has been filed, a certified transcript of the application for rehearing and of the stenographic record of the proceedings on the rehearing: *Provided,* The parties, with the consent and approval of the committee, may stipulate in writing that only certain portions of the record be transcribed. Said certified transcript shall be admissible in evidence. Said proceedings for review shall be for the purpose of having the lawfulness or reasonableness of the order on rehearing inquired into and determined, and the district court shall have power and jurisdiction to vacate or set aside such order on the ground that same is unlawful or unreasonable. All proceedings under this section shall have precedence in any court in which they may be pending, and the hearing shall be by the court without a jury.

"No new or additional evidence may be introduced upon the trial or any proceedings to review under the provisions of sections 10 to 15 [72-5610 to 72-5615], inclusive of this act, but same shall be heard upon the questions of fact and law presented by the record as certified under the provisions of section 12 [72-5612] of this act: *Provided,* If it shall be shown to the satisfaction of the court that any party to said proceeding has additional material evidence which could not, by the exercise of due diligence, have been presented at the hearing given by the committee, or which for some good reason was prevented from presenting it at such rehearing, or if upon the trial of the proceeding the court shall find that the committee has erroneously refused to consider material evidence offered by any party at the rehearing given by the committee, the court may, in its discretion, stay the proceedings and make an order directing the committee to hear and consider such evidence. In such cases it shall be the duty of the committee immediately to hear and consider such evidence and make an order modifying, setting aside or affirming its former order or decision, and thereupon a certified copy of the order or decision together with a transcript of the additional evidence shall be certified and transmitted to the clerk of the district court in which such proceeding is pending, and said court shall, on motion of any interested party, proceed upon the transcript as supplemented to determine if the order or decision of the committee as originally made or as modified is in any respect unlawful or unreasonable.

"The filing or pendency of the application for review provided for in section 11 [72-5611] of this act shall stay and suspend the operation of any order of the committee only as it applies to the specific original district or districts affected by the application."

It will be noted that any party aggrieved may apply in writing to the district court of the county in which the order of the committee becomes effective for a review of such order. The section then provides how the review shall be carried on, that is, the procedural steps. It provides for the court referring the case back to

the committee for further hearing if the court deems it necessary. G. S. 1945 Supp. 72-5612 provides, in part, as follows:

"Said proceedings for review shall be for the purpose of having the lawfulness or reasonableness of the order on rehearing inquired into and determined, and the district court shall have power and jurisdiction to vacate or set aside such order on the ground the same is unlawful or unreasonable."

G. S. 1945 Supp. 72-5611 also provides that the application for review shall specifically state the grounds for review upon which the applicant relies and shall designate the order sought to be reviewed.

There is nowhere in the act any provision for an appeal to the supreme court.

The appellees, that is, the parties who filed the application for review in the district court, argue that this appeal should be dismissed because there is no appeal provided for in the statute.

They cite first *Norman v. Consolidated Cement Co.*, 127 Kan. 643, 274 Pac. 233, a workmen's compensation case brought pursuant to chapter 232 of the Laws of 1927. That chapter provided for a comprehensive plan of workmen's compensation and in terms provided only for an appeal to the district court. Section 42 of the act provided, in part:

"Any party to the proceedings may appeal from any and all decisions, findings, awards or rulings of the commission to the district court of the county where the cause of action arose upon questions of law and fact as presented and shown by a transcript of the evidence and proceedings as presented, had and introduced before the commission."

An appeal had been taken to the district court from a judgment entered in favor of the workman. When the company attempted to appeal to this court, we held the act was an elaborate, comprehensive plan for the administration of workmen's compensation. Since the act did not provide an appeal to the supreme court, no such appeal existed. Later the workmen's compensation act was amended so as to provide for such an appeal. (See Laws 1929, ch. 206, same being G. S. 1935, 44-556.)

To the same effect is *National Bank of Topeka v. State*, 146 Kan. 97, 68 P. 2d 1076. That was an action where an executor of an estate had paid to the county treasurer of Shawnee county a tax as provided by G. S. 1935, 79-1517. He then filed a petition for abatement of the tax, as provided in the same section. This was denied. He then filed a petition in the district court of Shawnee

county asking the court to review the order of the inheritance tax commission. This was pursuant to G. S. 1935, 79-1517, which provided as follows:

"That any such executor, administrator, trustee or grantee may apply to any district court of competent jurisdiction for a review of any such order, and until final decision shall be entered by any such court such money shall not be refunded by said county treasurer."

The commission did not plead any answer to this action. Judgment was entered in favor of the executor. When the inheritance tax commission attempted to appeal to the supreme court, we held that since the act did not provide for an appeal to this court, none existed. The authorities are reviewed in the opinion. The constitution does not provide for an appeal to the supreme court as a matter of right. It provides:

"The supreme court shall have original jurisdiction in proceedings in quo warranto, mandamus, and habeas corpus; and such appellate jurisdiction as may be provided by law. It shall hold one term each year at the seat of government and such other terms at such places as may be provided by law, and its jurisdiction shall be coextensive with the state." (Const. art. 3, § 3.)

G. S. 1935, 20-101 provides:

"The supreme court shall be, a court of record, and in addition to the original jurisdiction conferred by the constitution, shall have jurisdiction in all cases of appeal and proceedings in error from the district and other courts in such manner as may be provided by law; and during the pendency of any appeal or proceedings in error, on such terms as may be just, may make an order suspending further proceedings in the court below, until the decision of the supreme court."

Appellants argue that the statute in reality provides for a trial by the court and that the decision is a final order, and that an appeal lies from it in accordance with the code of civil procedure. In *National Bank of Topeka v. State*, supra, we considered an analogous question and held that a similar application for review was neither an action nor a special proceeding, and that the remedy was as provided in the act.

Some force is given the argument of appellees here by the fact that in such statutes as the oil proration statute, there is a provision for an appeal to the supreme court. G. S. 1945 Supp. 55-606 has a provision as follows:

"Appeals to the state supreme court may be taken from the judgment of the district court as in other civil actions."

As heretofore stated, there was no such provision in the first

workmen's compensation act. (See. Laws 1927, ch. 232, § 42.) The fact that the legislature saw fit to provide for an appeal to the supreme court in those statutes is persuasive that by not providing it in this statute it was the intention that there should be no such appeal.

The appeal is dismissed.