No. 38,952
No. 38,983

WARREN R. WILLIAMS et al., *Appellees,* v. THE SEYMOUR PACKING COMPANY, a Corporation, *Appellant.*

(254 P. 2d 248)

Opinion filed March 7, 1953.

*Eldon Sloan,* of Topeka, argued the cause, and *W. Glenn Hamilton, Floyd A. Sloan,* and *James W. Sloan,* all of Topeka, were with him on the briefs for the appellant.

*John S. Dean, Jr.,* of Topeka, argued the cause and *Melvin R. Quinlan,* of Topeka, was with him on the briefs for the appellees.

The opinion of the court was delivered by

SMITH, J.: This appeal grows out of the filing by minority stockholders in a corporation of a petition pursuant to G. S. 1949, 17-3707. The trial court appointed appraisers, the appraisers made a valuation, the corporation filed a motion asking the trial court not to confirm the report and to discharge the receivers. The plaintiffs filed

a motion to confirm. The trial court overruled the corporation's motion not to approve, sustained the plaintiff's motion to approve, fixed firm the report and to discharge the receivers. The plaintiffs filed a motion to confirm. The trial court overruled the corporation's motion not to approve, sustained the plaintiffs' motion to approve, fixed the appraisers' compensation at $1,500 each to be taxed as part of the costs. The corporation has appealed.

After identifying the parties and stating the number of shares of stock owned by each, the petition alleged that at a special meeting a plan was submitted to the stockholders to merge the Seymour Packing Company, of Topeka, the Perry Packing Company, of Manhattan, and George Ellenberger and Company, Inc., of New York; that plaintiffs appeared at the meeting, the merger was approved by the required number of stockholders and the agreement was duly filed with the secretary of state; that plaintiffs voted their shares of stock in opposition to the merger and filed their dissent with the secretary of the Seymour Packing Company at the time of the special meeting; that plaintiffs were opposed to the merger and believed the merger agreement was unfair, inequitable and discriminatory and were unwilling to transfer their stock on the basis outlined in the merger agreement. The petition then contained a paragraph as follows:

"That it is necessary, in order to protect the rights of these dissenting stockholders, that the Court appoint three disinterested and qualified appraisers to appraise the full and fair value of Plaintiffs' stock without giving effect to such consolidation or merger, all as authorized by Section 17-3707 of the 1947 Supplement to the General Statutes of Kansas for 1935."

The prayer was that the trial court appoint three disinterested and qualified appraisers to appraise the full and fair value of plaintiffs' stock without giving effect to the merger; that the trial court give full instruction to the appraisers; and that plaintiffs recover a judgment against the corporation in the amount found by the appraisers to be the full and fair value of plaintiff's share of stock and for costs.

The trial court on October 13, 1950, found that the petition was filed pursuant to G. S. 1949, 17-3707; that three disinterested appraisers should be appointed and on December 5, 1950, did appoint them to appraise the full and fair value of the plaintiffs' stock, as provided in G. S. 1949, 17-3707, with full power to inspect the property, books of account and records of the corporation. The trial

court instructed the appraisers. On June 21, 1951, plaintiffs filed a motion in which they prayed for an order authorizing the appraisers to employ experts to assist them in determining the true value of the corporation's real property and fixed assets as of August 30, 1950, and to do everything necessary to the determination of such values.

The corporation filed a brief in which it argued that the trial court had no power to authorize the appraisers to employ experts.

On July 9, 1951, the trial court sustained the motion and held that the assistance of experts would be a part of the process of obtaining full information regarding the valuation.

On September 4, 1951, the parties entered into a stipulation as follows:

"WHEREAS Counsel for defendant has orally requested that the court confer with the appraisers heretofore appointed in this case and explain the instructions given to said appraisers, to which request counsel for plaintiffs does not object.

"Now, THEREFORE, it is stipulated by the parties to this action that they do not and will not object to the court's conferring with said appraisers and explaining the court's instructions to them in the absence of the parties and their counsel."

The appraisers in their report found the value of plaintiff's stock on August 30, 1950, to be $46.35 per share.

On the hearing of the corporation's motion not to confirm the report and to discharge the appraisers, the corporation introduced the testimony of an expert that the stock on August 30, 1950, had an actual value of $31.50.

The trial court confirmed the report, allowed each of the appraisers $1,500 fee and taxed this fee as costs. Judgment was rendered against the Seymour Packing Company for the costs of the action and the amount found to be the value of the stock by the appraisers. The defendant's motion for a new trial was overruled. On October 17, 1952, the court made an order taxing one-half of the costs against plaintiffs and one-half against defendants. On November 6, 1952, the trial court vacating its order of October 17, 1952, retaxed the costs.

The specifications of error are that the trial court erred in overruling defendant's motion to set aside the report of the appraisers, in sustaining plaintiffs' motion to confirm and ordering judgment for plaintiffs; in overruling defendant's motion for a new trial, and in overruling defendant's motion to retax costs.

The corporation finds no fault with the instructions given the appraisers by the trial court. It does contend the report of the appraisers shows on its face they did not follow these instructions, but reached a valuation on a false premise that there is a correlation between market value of corporate stock and net current assets.

We are met at the outset of this opinion with a challenge by the appellee of the appellant's right to be heard in this court.

This requires a consideration of G. S. 1949, 17-3707. It provides as follows:

"If any stockholder in any corporation merging or consolidating as aforesaid who has the right to vote for or against such merger or consolidation at a meeting called for such purposes shall not vote in favor of such agreement and shall dissent therefrom and shall refuse or neglect to convert his stock into the stock of such resultant corporation, or to dispose thereof in the manner and on the terms specified in such agreement, such dissenting stockholder, or any such corporation, may at any time within thirty days after the filing of said agreement with the secretary of state, file an action against said corporation or said stockholder, as the case may be. If the court determine that there be necessity therefor, it shall make an order appointing three disinterested and qualified appraisers to appraise the full and fair value of such stock without giving effect to such consolidation or merger. The award of such appraisers when approved by said court shall be final and conclusive on all parties, and such resultant corporation shall pay to such stockholder the appraised value of his stock and on receiving such payment or tender thereof, such stockholder shall transfer his stock to such corporation to be disposed of by order of the board of directors. Said award when so confirmed shall be a judgment against such resultant corporation and may be collected as other judgments. The provision of this section shall not be available to any stockholder who shall not have dissented in writing at the meeting of the stockholders and all stockholders not thus dissenting shall be bound by the action of said meeting."

Appellees point out that this award of the appraisers was approved by the trial court. They argue the provision of such appraiser's award when approved by the district court shall be "final and conclusive on all parties" means just what it says and hence there is no appeal. Appellants argue this would be true had the appraisers followed the court's instructions but they did not do so—hence the appraisal was not a legal one and there is an appeal. The appellants argue the report shows on its face that the appraisers acted arbitrarily and capriciously.

It is well settled that the right of appeal to this court is statutory. There is no such constitutional right. This follows from article 3, section 3, of the constitution, where it is provided:

"The supreme court shall have original jurisdiction in proceedings in quo warranto, mandamus and habeas corpus; and such appellant jurisdiction as may be provided by law . . ."

The question has been before us in a number of situations.

In *Central Branch U. P. R. Co. v. Atchison, T. & S. F. R. Co.,* 28 Kan. 325, a condemnation of land for railroad purposes had been carried out under the terms of section 86 of chapter 23 of the Compiled Laws of 1879. This section provided for an appeal to the district court from the determination of the county commissioners as to the value of the land taken and damages and that the condemning railroad could enter upon the land immediately upon depositing the amount with the county treasurer of the county within which the land was situated. The condemning party attempted to enter upon the land immediately and an injunction suit resulted. The condemning party argued that the legislature had the right to withhold the right of any appeal from the action of the commissioners and it followed it had the power to allow the right of appeal upon such terms as it saw fit. We adopted that argument and held:

"A statute which, providing for the exercise of the power of eminent domain, grants to certain commissioners the right of determining the amount of compensation to be paid for land appropriated, and makes their award final as to the amount of such compensation, infringes no constitutional guarantees; and as the legislature may make such award final without any opportunity of appeal or retrial, it may grant to the land-owner the privilege of appeal, and of further trials upon conditions."

We have held to like effect in *Norman v. Consolidated Cement Co.,* 127 Kan. 643, 274 Pac. 233. That was a workmen's compensation case under Chapter 232 of the Session Laws of 1927. The statute provided for awards of compensation being made by a commission of workmen's compensation and for an appeal from this award to the district court. No provision was made for an appeal to this court. The employer had appealed from a decision of the commissioners of the workmen's compensation to the district court. The district court awarded compensation to the workman and the employer attempted to appeal to this court. We held:

"Under the workmen's compensation act (Laws 1927, ch. 232) the only appeal permissible from an award of compensation is the limited one authorized by the act to be taken to the district court, and the supreme court has no authority to entertain an appeal from the decision of that court."

It should be noted Section 42 of Chapter 232 of the Session Laws of 1927 simply made no provision for an appeal to this court.

*Union Pac. Rld. Co. v. Missouri Pac. Rld. Co.,* 135 Kan. 450, 10 P. 2d 893, originated as a proceedings between the two railroad companies on account of a switch track of one company crossing the switch tracks of another. There was an appeal to the district court from an order of the commission. There the order of the commission was found to be lawful and reasonable. An appeal was taken to this court where an order was made staying an order of the commission. The question dealt with, in our opinion, was the power of this court to make the stay order. We recited the history of the legislation dealing with appeals from orders of the commission and held that this court nor the district court had power under the statute to make an order staying the order of the commission. We are interested here in the opinion where we said:

"The original jurisdiction of this court is defined by the constitution, but it has only 'such appellate jurisdiction as may be provided by law.' (Const., art. 3, § 3.) The legislature has the power to grant, limit and withdraw the appellate jurisdiction of this court and to provide a procedure for the exercise of the jurisdiction granted. The litigant has no vested right in an appeal which may not be abolished by the legislature."

*National Bank of Topeka v. State,* 146 Kan. 97, 68 P. 2d 1076, is a case involving an attempted appeal from an order of the inheritance tax commission. The commission had made an order fixing the inheritance tax to be paid by an estate. The executor paid the taxes and filed a petition with the commission for an abatement. This petition was denied in part. The executor filed a petition in district court asking that court to review the commission's order. There was an argument about the proper method of procedure in district court with the result that the court gave judgment against the commission by default. The commission appealed to this court. We remarked:

"The commission appeals from the judgment of the district court, but fails to indicate how this court acquires jurisdiction of the appeal. It would perhaps be sufficient to state that, strange as it may seem, the law provides for no appeal to this court from the ruling of the district court with regard to an inheritance tax."

At the time G. S. 1935, 79-1517, was in effect this section provided for presenting an inheritance tax dispute to the commission. The section contained a proviso as follows:

". . . That any such executor, administrator, trustee or grantee may apply to any district court of competent jurisdiction for a review of any such order, and until final decision shall be entered by any such court such money shall not be refunded by said county treasurer."

We said:

"It was the province of the legislature to determine the orders or judgments from which an appeal to this court would lie. It is interesting to note that with regard to the subject of an income tax the legislature has seen fit to provide for appeals not only from the order of the tax commission to the district court but also from that court to this court. (G. S. 1935, 79-3227.) That statute further expressly provides the appeal may be taken as in civil cases except the time of appeal is limited to sixty days. As to an inheritance tax order no provision is made for appeals to this court as in civil cases or otherwise. Without such provision we cannot arbitrarily assume jurisdiction."

It is to be noted that the statute merely failed to provide for an appeal to this court. There was no mention of the finality of the order of the district court.

*Evans v. George,* 162 Kan. 614, 178 P. 2d 687, involved G. S. 1945 Supp., 72-5601, being chapter 291 of the Laws of 1945. This is commonly known as the school reorganization act. The work of reorganization in the counties was in the hands of a reorganization committee. The district court made an order vacating an order of the reorganization committee. The committee appealed to this court. The appellees filed a motion to dismiss this appeal on the ground that the statute did not provide for it. We referred to the provisions of the act for applying to the district court for a review of the order of the committee and pointed out there was no provision for an appeal to this court. We held:

"In an application for review of an order of a joint county school reorganization committee, pursuant to G. S. 1945 Supp. 72-5611 et seq., the district court set aside the order on the ground that it was unlawful and unreasonable, the committee attempted to appeal to this court. On a motion to dismiss the appeal, held, that since the statute did not provide for such an appeal, there is none, and the appeal should be dismissed."

*Murrow v. Powell,* 167 Kan. 283, 205 P. 2d 1193, was a case where there was an attempt to appeal to the district court from an order of a juvenile court that a child was not dependent and neglected. We held that the right to any appeal was purely statutory and since the statute having to do with dependent and neglected children did not provide for an appeal there was none.

*Perkins v. Lenora Rural High School,* 171 Kan. 727, 237 P. 2d 228, was an action to obtain a declaratory judgment and an interpretation of G. S. 1949, 72-3514. This section deals with attachment of territory to rural high school districts. Proceedings were had pursuant to the statute and finally an appeal was taken by one of the

county superintendents to the state superintendent of public instruction as the statute provides that official made a decision. The action for a declaratory judgment followed G. S. 1949, 72-3514, and contained the following proviso:

"Provided, That an appeal may be taken from the decision of the county superintendent to the state superintendent of public instruction whose decision will be final."

We said:

"The statute provides that an appeal may be taken from the decision of the county superintendent to the state superintendent of public instruction, *whose decision will be final.* An appeal was taken in this case from the action of the board and the county superintendent to the state superintendent of public instruction, and the proceedings and attachment were affirmed. To hold that the question of advisability of consenting or withholding consent to the annexation of certain territory to a joint rural high school district could be tried out in the courts after the state superintendent has passed upon it would be to render meaningless the language of the statute 'whose decision will be final.' There is a reason why that should be the case. The state superintendent is better equipped to ascertain what is good for a particular school . . ."

It will be seen some of the statutes we have reviewed simply failed to provide for an appeal to this court while some of them provided that a certain decision should be final. Of one point we may be sure at the outset—the right to appeal to this court exists only when it is conferred by statute. This record has a further element in it. G. S. 1949, 17-3707, pursuant to which this proceeding was instituted, has the following provision:

"The award of such appraisers when approved by said court shall be final and conclusive on all parties, . . ."

To paraphrase the language in *Perkins v. Lenora Rural High School,* supra, to hold that the action of the district court in confirming this appraisal could be tried out again in this court would be to render meaningless the language of the statute "shall be final and conclusive on all parties." It is doubly clear the legislature intended the matter should conclude with the order of the district court confirming the report when it inserted the word "conclusive" after the word "final."

Appellants argue that the Code of Civil Procedure applies; that this was a final order as defined by G. S. 1949, 60-3303, and was appealable to this court under the provisions of G. S. 1949, 60-3302, which provides in part:

"The Supreme Court may reverse, vacate or modify any of the following orders of the district court or a judge thereof, or any other court of record, except a probate court. First—A final order . . ."

In this connection appellant argues this was not a special proceeding but an action—hence the above provision of the code governs. He points out that the language of G. S. 1949, 17-3707, where it is provided "Such dissenting stockholder . . . may . . . file an action against said corporation . . . ." We shall not labor the question of whether the technical name to be given this proceeding is an 'action' or a 'special proceeding.' The section is all part of the corporation code enacted in 1939. (See Laws of 1939.) Chapter 152, article 97, of the act deals with consolidation and mergers comprehensively. G. S. 1949, 17-3701, simply provides that corporations may merge according to an agreement. G. S. 1949, 17-3703, provides for submitting the agreement to a meeting of the stockholders and that if the votes of the stockholders of each such corporation representing two-thirds of the total number of shares of its capital stock shall be for the adoption of the agreement, then that fact shall be certified on it by the secretary of each corporation. G. S. 1949, 17-3704, provides for the agreement so signed being filed in the office of the secretary of state. G. S. 1949, 17-3705, provides for merger of a corporation organized under the laws of this state merging with one organized under the laws of another state. G. S. 1949, 17-3706, provides as to the property, assets, debts and liabilities of the new corporation. Next comes G. S. 1949, 17-3707, which we have already quoted. The remaining two sections deal with business affairs of a new corporation with which we are not concerned here. It is clear the legislature realized that even though two-thirds of the total number of shares should vote for the merger, there would be dissenting stockholders who would not be satisfied with the contract. Since the statute provided for the completion of the merger even though one-third of the shares were not satisfied, a summary means for protecting their interests should be provided. The inclusion of G. S. 1949, 17-3707, was the result. The question of whether the matter of confirming the report of the appraisers should be appealable to this court was entirely a matter of legislative judgment. In clear terms the legislature not only failed to provide for an appeal but on the other hand provided there should be none.

It follows the appeal is dismissed.