No. 39,293

In the Matter of the Revocation of the Cereal Malt Beverage License of H. A. PETERSON and MARJORIE L. PETERSON; H. A. PETERSON and MARJORIE L. PETERSON, *Appellants,* v. THE BOARD OF COUNTY COMMISSIONERS OF THE COUNTY OF LINN, *Appellee.*

(269 P. 2d 450)

Opinion filed April 10, 1954.

*L. Perry Bishop,* of Paola, and *Hal C. Davis,* of Topeka argued the cause and were on the briefs for the appellants.

*Harry C. Blaker,* of Pleasanton, argued the cause, and *Leighton A. Fossey,* of Mound City, was with him on the briefs for appellee.

*Harold R. Fatzer,* attorney general, and *William Paul Timmerman,* assistant attorney general, submitted briefs *amicus curiae.*

The opinion of the court was delivered by

HARVEY, C. J.: This is an attempted appeal from an order of the district court refusing to set aside a resolution of the board of county commissioners which revoked a cereal malt beverage license previously issued to the appellants.

The record discloses that on March 2, 1953, the county commissioners of Linn county, Kansas, issued Cereal Malt Beverage Retail License No. 1 for the current year of 1953 to the appellants Marjorie L. and H. A. Peterson. On April 20, 1953, they adopted a resolution which, omitting caption and signatures, reads:

"That Whereas it appears to the Board that Marjorie L. and H. A. Peterson, the holders of 1953 Cereal Malt Beverage Retail License No. 1, issued by Linn County, Kansas, on March 2, 1953, have violated the Laws of the State of Kansas relating to the sale of said cereal malt beverages with particular reference to sale thereof on Sundays and to minors; Now, therefore be it resolved by the Board that the said Cereal Malt Beverage license be revoked as provided by law, and the County Attorney is hereby directed to prepare proper notice and order to accomplish the same and the Sheriff of Linn County, Kansas, is hereby directed to serve such notice on the holders of said license and to make return thereof to said Board."

On the same date they issued the following order:

"Now on this 20th day of April, 1953, by the Board of County Commissioners of Linn County, Kansas, IT IS ORDERED that the Cereal Malt Beverage License issued by said Board on March 2, 1953, to Marjorie L. and H. A. Peterson, being License No. 1, be and the same is hereby revoked as of 12:00 o'clock Midnight April 25, 1953, and that the County Clerk of Linn County, Kansas, enter this order of record as of April 25, 1953.

"BY THE BOARD IT IS SO ORDERED."

They directed the county attorney of Linn county to prepare proper notice and order thereof and the sheriff of Linn county to serve notice upon the licensees. The order was prepared by the county attorney and served by the sheriff on April 20, 1953.

On May 4, 1953, the board of county commissioners fixed the amount of the appeal bond at $150 and on May 27, 1953, the appellants served and filed their notice of appeal to the district court of Linn county and gave their bond which bond was approved, and a

transcript of the above mentioned proceedings was filed with the clerk of the district court on May 13, 1953.

In the district court counsel for appellants filed a motion which summarized the proceedings and prayed for an order requiring the board of county commissioners to file its petition or bill of particulars stating and setting forth the grounds and facts including names and dates relied upon by it as the basis for the attempted and purported revocation of the cereal malt beverage license issued to the appellants for the year 1953. Upon considertion of that motion the court, after some discussion and citing of authorities, expressed its view as follows:

"I am of the opinion that on appeal the question will be whether the County Commissioners acted in good faith or whether they were guilty of bad faith, fraud, corruption or oppression. Having this opinion, the motion for the bill of particulars should be and the same is overruled."

This order was made June 4, 1953, and the case was set for trial on July 30, 1953. On that date the parties appeared with their counsel and announced ready for trial. Counsel for appellants stated the appeal was taken under G. S. 1951 Supp., 41-2708; that it was a trial *de novo;* that the burden of proof was upon appellee and requested that appellee commence the introduction of its evidence. They again requested that the board of county commissioners file a petition or bill of particulars. This request was overruled. The court held appellants were not entitled to a trial *de novo;* that the burden of proof was upon appellants; that the testimony which could be introduced by appellants was limited to evidence bearing upon the question of whether or not the board of county commissioners was guilty of bad faith, fraud, corruption or oppression in its revocation of the cereal malt beverage license.

Without introducing any evidence on their own behalf, and none having been introduced by the appellee, the appellants demurred to the evidence and also moved for judgment on the pleadings. These were argued and overruled. Counsel for appellants announced they were standing on their demurrer and motion for judgment. Whereupon, judgment was rendered for the appellee. Within due time notice of appeal to this court was served and filed. The appeal has been duly heard in this court upon briefs and oral argument.

Our present statutes relating to the sale of cereal malt beverages was first enacted as chapter 214, Laws 1937. As some of the sections were amended they appear in G. S. 1949, as sections 41-2701 to 41-

2712. As some of the sections were later amended they are shown in 1953 Supp. to G. S. 1949. Since this is the first case to reach this court by appeal involving the revocation of a license to sell cereal malt beverages we look to our own jurisdiction to entertain the appeal. The pertinent portion of the section dealing with the revocation of license being 41-2708, reads:

"The board of county commissioners . . . upon five (5) days' notice to the persons holding such license, shall revoke such license for any one of the following reasons: . . . (We need not enumerate these reasons for it is not contended that sale on Sunday and to minors would not justify revocation.) . . . Within twenty (20) days after the order of the board revoking any license the licensee may appeal to the district court of the county in the manner as now provided by law in appeals from the probate court: . . ."

There is nothing said in the statute about appeals from the district court to the supreme court; neither is anything said about the procedure in the district court. Parenthetically, we may say that as early as *Otis v. Jenkins,* McCahon 87 (1860) it was held: The court will not presume error; the burden is upon appellant to establish it. This was noted in *Coleman v. MacLennan,* 78 Kan. 711, 744, 98 Pac. 281, as being the rule in this court through the history of the state.

Our constitution article 3, section 3, gives this court only ". . . such appellate jurisdiction as may be provided by law. . . ." We find no statute which specifically gives this court appellate jurisdiction in this matter. Counsel for appellants here cite the wording that the appeal may be taken to the district court "in the manner now provided by law in appeals from the probate court," but this provides only as to the "manner" of taking the appeal which is by serving notice of appeal and giving bond in the sum fixed by the court. G. S. 1949, 59-2405, provides "To render the appeal effective:" the appellant must serve and file a notice of appeal and give bond in the sum fixed by the probate court. Other sections of the statute provide how the appeal shall be handled in the district court and still others provide specifically for an appeal to the supreme court. There is nothing of that kind in the statute we are here considering.

We take note of the fact that in our statute pertaining to intoxicating liquors and beverages, G. S. 1949, 41-320 to 41-324, our legislature made specific provisions to provide for a hearing on the suspension or revocation before the director for appeals from the director to the board, appeals from the board to the district court, and

appeals from the district court to the supreme court, and definite procedure at each of those steps. So, it is clear that the members of the legislature knew how to make provisions for appeals from revocation of a license for the sale of cereal malt beverages. The fact the legislature did not do so with reference to cereal malt beverages indicates quite clearly that it intentionally did not provide for appeals to the supreme court in such cases.

The following cases support the view that this court has no jurisdiction in cases attempted to be appealed from the district court to this court unless the legislature has provided for such an appeal.

*Auditor of State v. A. T. & S. F. Railroad Co.,* 6 Kan. 500; *Central Branch U. P. R. Co. v. Atchison, T. & S. F. R. Co.,* 28 Kan. 453; *In re Burnette,* 73 Kan. 609, 85 Pac. 575; *Norman v. Consolidated Cement Co.,* 127 Kan. 643, 274 Pac. 233; *Union Pac. Rld. Co. v. Missouri Pac. Rld. Co.,* 135 Kan. 450, 10 P. 2d 893; *Crawford v. Firmin,* 143 Kan. 794, 57 P. 2d 465; *National Bank of Topeka v. State,* 146 Kan. 97, 68 P. 2d 1076; *Central Fibre Products Co. v. State Tax Comm.,* 150 Kan. 665, 95 P. 2d 353; *Evans v. George,* 162 Kan. 614, 178 P. 2d 687; *Murrow v. Powell,* 167 Kan. 283, 205 P. 2d 1193; *Perkins v. Lenora Rural High School,* 171 Kan. 727, 237 P. 2d 228; and, *Williams v. Seymour Packing Co.* 174 Kan. 168, 254 P. 2d 248.

The result of what has been said is that this attempted appeal must be dismissed for want of jurisdiction of this court. It is so ordered.