No. 41,773

COMMON SCHOOL DISTRICT No. 86, *Appellee*, v. OLATHE CITY SCHOOL DISTRICT No. 16, *Appellant*.

(351 P. 2d 193)

Opinion filed April 9, 1960.

*George A. Lowe*, of Olathe, argued the cause, and *H. Charles Parrish*, of Olathe, was with him on the briefs for the appellant.

*Herbert L. Lodge*, of Olathe, argued the cause and was on the briefs for the appellee.

*C. C. Stewart, Olin K. Petefish*, and *James L. Postma*, of Lawrence, for the Board of Education of the City of Lawrence, District No. 60, as *amici curiae*.

*James W. Porter*, of Topeka, for the Board of Education of the City of Topeka, as *amicus curiae*.

*Garner E. Shriver*, of Wichita, for the Board of Education of the City of Wichita, as *amicus curiae*.

*Glenn Jones,* of Parsons, for the Board of Education of the City of Parsons, as *amicus curiae.*

The opinion of the court was delivered by

JACKSON, J.: The appellee, Common School District No. 86, began a proceeding against appellant, Olathe City School District No. 16, in the district court under the section of the statute now appearing as G. S. 1959 Supp., 72-5316e for the appointment of commissioners to adjust the property rights and claims of the two districts growing out of several annexations of territory from the common school district to the Olathe school district. Prior to the annexations the common school district had issued and sold certain general obligation bonds. The loss of territory by annexation reduced the amount of property upon which the common school district was authorized to levy taxes. The district court appointed commissioners, instructed them as to their duties and approved the report of the commissioners' finding that the Olathe district was indebted to the common school district in a sum which with interest amounted to $16,003.10, and under the statute entered judgment for said amount.

Appellant has attempted appeal from the above judgment to this court. Appellee challenges appellant's right to appeal on several grounds. The parties first brief the question of whether the statute in question provides for an appeal from the judgment of the district court.

The pertinent part of the statute reads as follows:

"The report and determination of the commissioners, if approved by the court or if corrected and approved by the court, *shall be final,* and upon approving such report, the court shall enter a judgment for the amount found due from one board to the other." (Italics supplied.)

Under the Constitution of Kansas, article 3, section 3, the appellate jurisdiction of this court is wholly statutory. It is clear that section 72-3316e by its terms gives no right of appeal. The language is only that the report when approved by the district court "shall be final."

The next question is whether the judgment of the district court based upon the report may be said to be subject to an appeal under the usual provisions of the code of civil procedure found in G. S. 1949, 60-3302, *et seq.* This special proceeding, found among the statutes relating to schools, is hardly a proceeding which can be said to be controlled by the code of civil procedure. Moreover,

this question in similar cases has been definitely decided by this court to the effect that in such types of proceedings there is no right of appeal unless it be specifically provided therein. (*Evans v. George,* 162 Kan. 614, 178 P. 2d 687; *Williams v. Seymour Packing Co.,* 174 Kan. 168, 254 P. 2d 248; *Peterson v. Board of County Commissioners,* 176 Kan. 75, 269 P. 2d 450.)

The Evans case concerned a school proceeding under Chapter 72 of the school laws as found in the General Statutes, and several other school cases are cited in the opinions of the other cases.

It appears that this court has no jurisdiction in this appeal, and that the appeal must be dismissed. It is so ordered.